### HENRY M. PEARSON *et a. vs.* SILAS PARKER.

Assumpsit for money paid, laid out. and expended, may be supported by a surety, who has, by his individual promissory note, discharged the debt of his principal. Where two sureties, from their partnership or common funds, pay the debt of their principal, they may maintain a joint action for the money so paid.

This was an action of assumpsit, brought by *Henry M. Pearson* and *Nathaniel P. Moulton* against *Silas Parker*, for money paid, laid out, and expended ; and was submitted to the determination of the court upon the following facts.

On the 29th of April, 1824, the plaintiffs, with the defendant, and as his sureties, gave their promissory note to *Alexander Caldwell* for $192 23, payable in six months with interest, which note was left with *S. L. Greely* for collection. The plaintiffs, having been notified and requested by *Greely* to pay the note, when it should fall due, for that purpose, on the 29th of October, 1824, effected a loan of $100 upon their joint note to *Stephen Moody* for that sum, which they

paid to *Greely*, as the agent of *Caldwell*, in part discharge of the note, which they had signed with the defendant, and satisfied the balance by giving their joint note to *Caldwell* for the same.

*Moody*, for the plaintiff.

*Lyford*, for the defendant.

The questions raised are, 1st. whether the plaintiffs can maintain a joint action against the defendant ? 2d. If they can, to what sum are they entitled ?

The general doctrine is against the maintainance of the plaintiffs' suit ; and, unless there be found some good exception in their favor, their suit cannot be sustained.

The general doctrine is laid down in 3 *B. & P.* 235, in *Brand et a. vs. Boulcot.* That doctrine is against that, for which the plaintiffs contend.

The case in 5 *East* 225 is the only exception, found in the books, in favor of the plaintiffs' action. That trial was in June, 1804, and the whole seemed to turn upon the simple fact, that the plaintiffs' attorney had paid the debt upon the joint credit of the plaintiffs.

That must have been the point, on which the case was decided ; because the court are particular in making the attorney file his affidavit of the manner and circumstances of his payment. And the words, that " the attorney paid the debt," are in italics. In that case, the attorney says, he discharged the whole debt on the joint credit of the plaintiffs. It is to be remembered, that *C. J. Ellenborough* gave the opinion.

In 5 *Esp. Rep.* 194, *Kelby & Vernon vs. Steel*, decided the very next year, there is no reference to the case in *East*, though both decisions were made by the same judge. In this case, the plaintiffs and defendant were jointly bound to the sheriff of Wiltshire by bond. In a suit on this bond, recovery was had against all the obligors, and the whole amount collected of the plaintiffs. And the sheriff in his receipt says, " received from *Kelby & Vernon* the sum of £——," being the payment of the whole sum levied under the several writs.

Plaintiffs contended, that a joint action should be sustained ; as it appeared by the receipt, that the payment was joint.

*Lord Ellenborough.*   The receipt being joint, cannot alter the manner of the transaction.   And the mode of payment cannot affect it.   There must be nonsuit of the plaintiffs.

The receipt of *Greely*, in the present case, is like the one in *B. & P.*   And the defendant thinks the manner, by which the plaintiffs obtained the money, immaterial.

It is fully apparent, that the mode of payment then, and not the means, by which the plaintiffs obtained the money, constitutes the difference between the cases in *East* and *B. & P.*   That the agent of the plaintiffs paid it in one instance, and the plaintiffs paid it themselves in the other.

I see no reason, why the money being lent to the plaintiffs, on their note to *Mr. Moody*, should operate to overthrow a long and well established principle of law.

This action would prevent the defendant from offering any thing by way of set-off to either of the plaintiffs, though he may have paid them severally the amount of their claim.   It might then operate great injustice.   *Comyn* on contracts adopts the law as laid down 3 *B. & P.*   His treatise was published in 1819, with additional notes and references ; still the case of *East* is not mentioned ; nor is there any expression to do away, or even shake, the common doctrine, as reported in *B. & P.* 2 *vol.* 185.   *Comyn's* first edition was, in 1807, three years after the decision in *East* ;   and it is a little strange, that a case, overturning the general law on that subject, should have escaped him, or be thought unworthy of notice.

But, if the plaintiffs recover in this action, it must be only for the money actually paid, and not for the sum secured by their note.

It is settled, that a bond, and warrant of attorney, is not a payment, though the former obligation be given up, and cancelled.   3 *East* 169.   *Com. on Con.* 2, 182.—8 *Johns.* 182, *Powell vs. Smith,* and cases there cited.

HARRIS, J. delivered the opinion of the court.

It is not now to be doubted, that, when a surety satisfies the debt of his principal by giving his sole note to the creditor, who accepts it in discharge of the original contract, it is as much a payment by him in respect to the principal, as if the money had been actually advanced.—2 *N. H. Rep.* 333, *Willie vs. Green.*—5 *Mass. Rep.* 299, *Thatcher et a. vs. Dinsmore.*—3 *ditto* 403, *Floyd vs. Day.*—11 *Johns. Rep.* 464, *Beardsley et a. Ex'rs. vs. Root.*

In the present case, it is immaterial to the defendant, in what way the plaintiff satisfied the debt, provided he were discharged from his liability to *Caldwell.* The defendant is, therefore, evidently liable to the plaintiffs either jointly or separately, in an action for money paid and advanced by them for his use.

The sole question then is, whether the plaintiffs are entitled to maintain a joint action.

The principles, by which this question must be decided, are well settled.

The rule is, that where different persons have distinct and separate claims, though standing in the same relative situation, or where their legal interests are several, if there be no express contract with them jointly, they must enforce their claims by several suits.—1 *Chitt. Plead.* 8.

Thus, if there be two persons, and each of them advance money for a third, they cannot maintain a join action ; but each must sue severally.—3 *B. & P.* 235, *Brand et a. vs. Boulcott.*—1 *East* 220, *Birkley et a. vs. Presgrave.*

But if the interest of several persons be joint, as that of partners, or their claim respects their joint funds, they may and ought to join. Thus if the money, which two persons pay for a third, be raised, on their joint credit, their proper remedy for the money, so paid, is by a joint action against him, for whom the payment was made.—1 *Chitt. Plead.* 8, 9.—5 *East* 225, *Osborn et a. vs. Harper.*—2 *D. & E.* 282, *Graham et a. vs. Robertson.*—1 *Saund.* 153.—2 *Saund.* 116, *n.* 2.—3 *B. P.* 150, *Cook et a. vs. Bacheldor.*

Apply these principles to the case now under consideration, and the result is apparent. The $100 paid by the plaintiffs

Pearson et a.
*vs.*
Parker.

was borrowed by *Moody* upon their joint credit ; and the balance was satisfied by their joint note to *Caldwell*. In relation to this transaction, the plaintiffs may be considered as partners ; and the fund, from which the payment was made, as their common stock. Their interest is then joint ; and the action is properly brought in the name of both. There must, therefore, be

*Judgment for the plaintiffs.*